FILED
2009 Mar-30  AM 10:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN  DIVISION (HUNTSVILLE DIVISION)

| | | |
|---|---|---|
| **MARY BACHAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. CV 08-B-O4O-NE** |
| | ) | |
| **BARDEN MISSISSIPPI GAMING,** | ) | |
| **LLC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>MEMORANDUM OPINION</u>

This case is before the court on defendant's Rule 12(b)(2) motion to dismiss for

lack of personal jurisdiction and Rule 12(b)(6) motion to dismiss for failure to state a

claim upon which relief can be granted.  (Doc. 17.)[1]  The subject matter jurisdiction of the

court arises from the diversity of citizenship between plaintiff and defendant.  The

plaintiff is an Alabama citizen whose claims arise from a slip-and-fall accident that

occurred in a Mississippi casino, which is owned and operated by a Mississippi citizen,

Barden Mississippi Gaming that does business under the name Fitzgerald's Hotel and

Casino.[2]  Mississippi law supplies three years in which to file such a claim, but Alabama

---

[1] "Doc. __" refers to the document number that the Clerk of the Court assigns to a filing
when it is made.

[2] Although by agreement of the parties all named defendants in this lawsuit except
Barden Mississippi Gaming, LLC have been dismissed on the ground that Barden Mississippi
Gaming, LLC is the sole owner and operator of the premises in question (doc. 11), the court for
its convenience will refer to the defendant as either  "Fitzgerald's" or "the Casino."

law gives only two.  The question of which state's limitations period governs Bachand's complaint will be taken up after setting out the facts of the case and addressing the issue of this court's personal jurisdiction over the defendant.

The facts, taken from the pleadings and affidavits, and assumed to be true for purposes of a motion to dismiss, are further elaborated as follows:

Plaintiff Mary Bachand is a citizen of Alabama who resides in Huntsville.  During 2004 and into January of 2005, she was a frequent patron of Fitzgerald's Casino.  (Doc. 22-3, ¶4.)  Fitzgerald's, as mentioned, is a Mississippi citizen and has no physical presence in Alabama.  (Doc. 18, p. 14.)

After Bachand's first visit to Fitzgerald's in 2004, the Casino sought repeat business from her.  They offered her free food to eat, a free room in which to stay, and free money to gamble.  (Doc. 22-3, ¶3.)  Fitzgerald's sent Bachand these enticements by mail "at least once per month, and sometimes more" (*id.* at ¶¶ 3-4), and because of these offers, Bachand traveled to the Casino between five and ten times during 2004.  (*Id.*)  Those same incentives are among the reasons for Bachand's January 2005 trip during which she suffered the injuries at issue here.  (Doc. 22-3, ¶4-5.)

Specifically, Bachand slipped and fell in the Casino on a wet, but inadequately marked, bathroom floor.  The fall damaged her knee, shoulder, head, and back, and some or all of those injuries are permanent.  (Doc. 1, ¶ 10.)  On January 7, 2008, exactly three years after the fall, Bachand's attorney filed this lawsuit in the United States District

-2-

Court for the Northern District of Alabama.  (Doc. 1.)

# I. STANDARD ON MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION

A motion to dismiss for lack of personal jurisdiction "should be denied if the plaintiff alleges sufficient facts to support a reasonable inference that [the] defendant can be subjected to jurisdiction of the court." *Jackam v. Hosp. Corp. of Am. Mideast*, *Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986) (citing *Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103 (11th Cir. 1982)).  The court may, at its discretion, hold an evidentiary hearing.  *See Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990); *Delong Equipment Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988), *cert. denied*, 494 U.S. 1081 (1990).  When, as here, no evidentiary hearing is held, the court applies the following standard:

> [T]he plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant. A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict. The district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony.  In addition, where the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff.
>
> *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988) (citations omitted).

Under that standard, two issues must be judged: the reach of Alabama's long-arm statute, and whether the Due Process Clause of the Fourteenth Amendment is violated by such an exercise of long-arm jurisdiction. Alabama's long-arm statute, Ala. R. Civ. P. 4.2(b) (2004), grants personal jurisdiction to the full extent permitted by the U.S. Constitution, and thus a challenge to personal jurisdiction in a suit brought under this state's long-arm jurisdiction is analyzed under the Fourteenth Amendment's due process requirement. *See South Ala. Pigs, LLC v. Farmer Feeders, Inc.*, 305 F. Supp. 2d 1252, 1257 (M.D. Ala. 2004); *Butler v. Beer Across Am.*, 83 F. Supp. 2d 1261, 1266 (N.D. Ala. 2000).

Personal jurisdiction over an out-of-state defendant may satisfy the Due Process Clause of the Fourteenth Amendment in one of two ways. Federal *in personam* jurisdiction may be "general" or "specific." General personal jurisdiction over a defendant does *not* depend on the suit arising from the defendant's contacts with the forum state. It arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000). For a court to make a finding that it has general jurisdiction, due process requires that the defendant's contacts with the forum be "continuous and systematic." *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9, 415 (1984); *Williams Elec. Co. v. Honeywell*, 854 F.2d 389, 392 n.2 (11th Cir. 1988) (*per curiam*). The due process requirements for general jurisdiction are more stringent

-4-

than for specific jurisdiction.  *See Sherritt*, 216 F.3d at 1292.

Specific jurisdiction, in contrast, requires that the plaintiff's claims arise out of, or relate to, the defendant's contacts with the forum.  *See Helicopteros*, 466 U.S. at 414 n.8; *Honeywell*, 854 F.2d at 392.

In response to Fitzgerald's Rule 12(b)(2) motion to dismiss, Bachand contends this court has both general and specific personal jurisdiction over the defendants.  (Doc. 20, p. 3-10.)  Bachand's complaint and affidavit, however, do not address any contacts with Alabama by the defendants beyond their contacts with her.  Against that, Fitzgerald's has proffered an affidavit from its Chief Financial Officer, uncontroverted by anything from Bachand, which testifies to the myriad contacts that Fitzgerald's does *not* have with Alabama.  (Doc. 18, p. 14-15.)

Indeed, the only statement regarding *any* contacts by the Casino with this forum besides those with Bachand come from an intimation made by defense counsel in its briefing on the motion to dismiss:  "Defendant's contacts with Alabama residents are limited to those who have either visited the casino previously or who requested information from the Defendant."  (Doc. 21, p. 6.)  This vague statement, coupled with the plaintiff's own testimony, falls short of a prime facie showing that the defendants have had "continuous and systematic general business contacts [with. . . ] the forum state" sufficient for general personal jurisdiction.  *Sherritt,* 216 F.3d at 1292.

Specific jurisdiction, however, is another matter.  Specific jurisdiction focuses not

on the relationship of the out-of-state defendant with the forum state generally, but instead on the relationship between the defendant and the cause of action. *See Madara*, 916 F.2d at 1516 n.7 (citations omitted). Lesser contacts with the forum state are required because the litigation arises out of, or relates to, the defendant's contacts with the forum.

The standard is whether or not the defendant has fair warning that its actions may cause it to be haled into the court of another state. As the Eleventh Circuit expressed it, ". . . the kind of foreseeability critical to the proper exercise of personal jurisdiction is not the ability to see that the acts of third persons may affect the forum, but rather that the defendant's own purposeful acts will have some effect in the forum." *Id.* at 1516-17.

It is Bachand's uncontroverted testimony that the defendants repeatedly enticed her with free goods and services to induce her to travel from her home in the forum state of Alabama to a dangerous[3] casino in Mississippi where she was injured. (Doc. 22-3.)  It is also Bachand's uncontroverted testimony that the effect of Fitzgerald's in-forum solicitations repeatedly succeeded in causing her to travel to the Casino in Mississippi. (*Id.*)  Even a single act can be enough to create specific jurisdiction, so long as the defendant purposefully availed itself of the privilege of conducting business in the forum. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 n.18 (1985).  Furthermore, other federal courts considering similarly expansive long-arm statutes have found jurisdiction

---

[3] Bachand alleges that not only was she injured as a result of the inadequately marked bathroom floor, but that another patron fell under similar circumstances in the same bathroom several days before she did.  (Doc. 1, ¶4.)  The tenor of her complaint is that this was a dangerous facility, which, for the purpose of this motion, the court assumes to be true.

under similar facts.  *See, e.g.*, *O'Brien v. Okemo Mountain*, *Inc.*, 17 F. Supp. 2d 98 (D. Conn. 1998) (personal jurisdiction in Connecticut over Vermont resort, despite contrary forum-selection clause, where injury to Connecticut plaintiff occurred in Vermont; jurisdiction attributed to defendant's out-of-state solicitations).

For the purposes of this motion to dismiss, the court finds that Bachand has made a sufficient showing to establish the required minimum contacts to hale Fitzgerald's before this court for this particular cause of action, and that no offense to fair play or substantial justice occurs in doing so.  With jurisdiction established, the court next addresses the question of whether or not Bachand's claim is time-barred.

## II. MOTION TO DISMISS FOR FAILURE TO COMPLY WITH STATUTE OF LIMITATIONS

Whether or not the Mississippi tort claim Bachand filed in Alabama imports Mississippi's three year statute of limitation along with Mississippi's substantive tort law is a choice-of-law question.  As a constitutional matter, a forum state may apply its own statute of limitations in lieu of a foreign state's limitations period  without violating the Full Faith and Credit Clause.  *Wells v. Simonds Abrasive Co.*, 345 U.S. 514, 516 (1953) (affirming dismissal of claim where forum state used its own limitations period over the "built-in" limitations period of foreign-state statute under which claim arose).  In a diversity case such as this, a federal court deciding a choice-of-law question must follow the choice-of-law rules of the state in which it sits.  *Klaxon Co. v. Stentor Electric Mfg.*

*Co.*, 313 U.S. 487, 496-97 (1941).  Thus, this court relies on Alabama law to determine

what effect, if any, Mississippi's lengthier statute of limitations has in this case.  Under

the facts of this case, it has none.

As both parties observe in their pleadings, Alabama follows the traditional doctrine

of *lex loci delicti* on choice-of-law questions such as this case presents.  *See Etheredge v.

Genie Industries, Inc.,* 632 So.2d 1324, 1326 (Ala. 1994) (*per curiam*).  Under *lex loci

delicti,* Alabama enforces only those laws of another state that are substantive in nature.

*Id.* (citing *Sanders v. Liberty National Life Insurance Co.*, 443 So.2d 909, 912

(Ala.1983)*.  See also Bodnar v. Piper Aircraft Corp.*, 392 So.2d 1161, 1162 (Ala. 1980).

Bachand filed claims that arise under the substantive tort law of Mississippi.  She

contends Mississippi's three year catch-all limitations provision, found in §15-1-49 of the

Mississippi Code, is substantive rather than procedural law, and that it should displace

Alabama's two year limitations period in a court obligated to apply Alabama law.   In

support of this contention, Bachand repeatedly cites Miss. Code §15-1-3, which states

that both right and remedy are extinguished upon the expiration of the limitations period.

For the purposes of Alabama's choice-of-law rules, foreign statutes of limitation

are procedural rules that will not supercede the applicable Alabama limitations period

unless the foreign statute that creates the right under which the claim is brought also

establishes the time limits for bringing suit.  *Etheredge v. Genie Industries, Inc.,* 632

So.2d 1324,1326-27 (Ala. 1994).  *See also Randolph v. Tennessee Valley Auth.*, 792

F.Supp. 1221, 1222 (N.D. Ala. 1992) (surveying Alabama case law on this subject).  As

discussed in *Randolph*, Alabama law distinguishes between "true" statutes of limitations,

which it regards as procedural, and so-called statutes of creation, statutes which both

establish a right and include a "built-in" limitations period.  *Randolph*, 792 F.Supp at

1222.

Bachand misses this distinction; she quotes from *Etheredge*: "Alabama decisions

state that a statute of limitations, unless the act specifically declares otherwise, is

construed as affecting the remedy only." (Doc. 22, quoting *Etheredge, 632 So.2d* at 1327

(additional citations omitted)).  "*The* act," as used in *Etheredge*, however, refers to a

single statute of creation that both created the substantive right and established the time

period in which to sue under it.  Only when a single statute bundles those two elements

together does this rule have any bearing.

Were this court to accept Bachand's argument, it would mean that Mississippi

Code §15-1-3 intended to designate all §15-1's limitations periods as "substantive" law.

Whether Alabama courts would recognize such a blanket designation as dispositive is

beyond the scope this court's inquiry.  However, a brief review of Title 15, Chapter One

of the Mississippi Code shows the plainly  procedural character of the Mississippi statute

of limitation at issue in this case.  Chapter One, "Limitations on Actions," contains nearly

80 separate sections, the majority of which establish different limitations periods for

different substantive causes of action.  *See, e.g.*, §15-1-7, "Actions to recover land" (ten

years); §15-1-17, "Actions to cancel tax titles" (two years); §15-1-36, "Actions for medical malpractice" (two years), and §15-1-49, "Actions without prescribed period of limitation," a three year catch-all provision that Bachand commends to this court as substantive foreign law.

Her conclusion that these limitations periods are substantive foreign law is based on a much earlier statement in the chapter, in §15-1-3, "Completion of period of limitation." The line states that "[t]he completion of the period of limitation prescribed to bar any action, shall defeat and extinguish the right as well as the remedy." Miss. Code §15-1-3(1). That statement, upon which Bachand relies for her conclusion that Mississippi's statute of limitations is substantive law, is the second sentence in the particular chapter of the Mississippi Code from which it is quoted.  It covers a general matter widely applicable throughout Chapter One, namely, the consequence of exhausting the limitations periods subsequently prescribed in Chapter One.  Nothing "inextricably binds" the limitations period with any substantive rights at issue in this case.  Nor does this court believe that this prefatory statement converts the dozens of limitations periods subsequently set out in Chapter One into substantive law.  Rather, Chapter One is a free-standing portion of the Mississippi Code that catalogs the amount of time Mississippi permits for bringing various common law and statutory claims within its courts.  Under controlling Alabama law, there is no basis for Miss. Code § 15-1-49-- read with or without the benefit of Miss. Code § 15-1-3--to oust Alabama's two year statute of limitations on a claim filed in Alabama.  As

-10-

such, Bachand's suit is untimely.

### III. CONCLUSION

As detailed above, this court finds defendant had sufficient contacts with this plaintiff and this forum that this court's exercise of personal jurisdiction is both within the reach of Alabama's long-arm statute and consistent with the Fourteenth Amendment's guarantee of due process.  This finding forces the court to reach the defendant's motion to dismiss for failure to state a claim within the applicable two-year Alabama statute of limitations.  The court finds that the Alabama statute of limitations forecloses Bachand's claim.

Consistent with the foregoing, this court will enter an order granting defendant's motion to dismiss for failure to state a claim.

**DONE**, this the 30th day of March, 2009.

_Sharon Lovelace Blackburn_

SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE